**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JEFFREY R. HASTINGS,

        Petitioner,

vs.                                                        Case No. 3:19-cv-491-J-32MCR

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner, an inmate of the Florida penal system, initiated this case by filing a pro se "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 Challenging Petitioner's Illegal Detention as Cruel and Unusual, a Manifest Injustice and Fundamental Miscarriage of Justice/Independent Action Under Rule 60(b)(3),(4)(6) Fed. R. Civ. P." See Doc. 1. Petitioner challenges his 1974 state court (Putnam County, Florida) conviction for escape.[1] His attack on the "execution of his sentence" is premised on claims that his "requests and demands for a jury trial and available witnesses were denied," his trial counsel assisted in prosecuting him, and the trial court's imposition of the maximum sentence was vindictive. Doc. 1 at 5-6. Considering the nature of Petitioner's allegations, the Court construes the Petition as a petition for

---

[1] In 1979, Petitioner was also convicted, in Palm Beach, Florida, of six counts of manslaughter for which he is serving consecutive thirty-year terms of incarceration. See Corrections Offender Network, Florida Department of Corrections, available at http://www.dc.state.fl.us/AppCommon/ (last visited May 2, 2019).

writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court previously adjudicated Petitioner's federal habeas claims challenging his 1974 conviction. See Case No. 3:95-cv-950-J-25MCR (denying petition). As such, this Court has no authority to consider Petitioner's claims without prior authorization from the Eleventh Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" the filing of "a second or successive application"); Insignares v. Sec'y, Fla. Dep't of Corr., 755 F.3d 1273, 1278 (11th Cir. 2014) (finding that "[s]ubject to [certain] exceptions[,] . . . a district judge lacks jurisdiction to decide a second or successive petition filed without [the Eleventh Circuit's] authorization"). Petitioner has not been granted authorization to file a second or successive habeas petition.[2] Therefore, this case will be dismissed without prejudice to Petitioner's right to file a new petition if he obtains the required authorization from the Eleventh Circuit.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

---

[2] Petitioner has unsuccessfully attempted to file three prior successive § 2254 petitions with the Court. See Case Nos. 3:07-cv-26-J-20HTS (dismissing as successive); 3:12-cv-1051-J-34JRK (dismissing as successive); 5:16-cv-646-Oc-10PRL (dismissing as successive). Petitioner has also filed with the Eleventh Circuit at least four requests to a file a successive habeas petition challenging his 1974 conviction, all of which have been denied. See Case Nos. 18-12011; 16-17758; 14-10663; 13-10295.

3. If Petitioner appeals the dismissal of the case, the Court denies a certificate of appealability.[3] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk shall send Petitioner an Application for Leave to File a Second or Successive Habeas Corpus Petition. If he desires to file a second or successive habeas petition in this Court, he must complete the application and file it in the Eleventh Circuit Court of Appeals which will decide whether to allow it.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of May, 2019.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7
c: Jeffrey R. Hastings, #039760

---

[3] This Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, a certificate of appealability is not warranted.